IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| ALEXANDER C. JOANNOU,<br><br>    *Plaintiff*,<br><br>v.<br><br>VIRNIQUA ROSHAE WATKINS,<br><br>    *Defendant*. | CIVIL ACTION NO.<br>5:20-cv-00213-TES |
|---|---|

**ORDER**

Before the Court is Defendant's Motion to Dismiss [Doc. 10]. Plaintiff has sued Defendant, his ex-wife, concerning a custody dispute in the Superior Court of Hancock County and alleged interference with Plaintiff's communications with their daughter. [Doc. 5, p. 2]. Plaintiff referenced numerous statutes, regulations, and codes and generally seeks to sue his ex-wife for her conduct in their custody dispute and the alleged fraud she committed against the state and federal government when she accepted government benefits for their daughter while she was on deployment and not providing support to her. *See generally* [Doc. 5]. For the following reasons, the Court **GRANTS** Defendant's Motion [Doc. 10]. Further, the Court **DENIES** Plaintiff's Motion to Amend [Doc. 11].

## DISCUSSION

A.      **Motion to Amend [Doc. 11]**

Plaintiff has filed a Second Amended Complaint [Doc. 11], which the Court liberally construes as a motion to amend.[1] Under Federal Rule of Civil Procedure 15(a)(1), a party may amend a pleading once as a matter of right within twenty-one days after service of the pleading, or, if the pleading requires a response, within twenty-one days after service of a responsive pleading or motion filed under Rule 12(b), (e), or (f). Otherwise, under Rule 15(a)(2), the party must seek leave of court or the written consent of the opposing parties to amend. Plaintiff has not received written consent from Defendant to amend and has already amended his Complaint once. Therefore, he must seek leave from the Court to do so again.

Rule 15(a)(2) directs the Court, however, to "freely give leave when justice so requires." Yet, despite this instruction, leave to amend is "by no means automatic." *Layfield v. Bill Heard Chevrolet Co.*, 607 F.2d 1097, 1099 (5th Cir. 1979). The trial court has "extensive discretion" in deciding whether to grant leave to amend. *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999). A trial court may choose not to allow a party to amend "when the amendment would prejudice the defendant, follows undue delays, or is futile." *Id*. A claim is futile if it cannot withstand a motion to dismiss. *Fla. Power &*

---

[1] The Court must liberally construe the Plaintiff's filing, who is proceeding pro se. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed.") (citation omitted).

*Light Co. v. Allis Chalmers Corp.*, 85 F.3d 1514, 1520 (11th Cir. 1996); *see Burger King Corp. v. Weaver*, 169 F.3d 1310, 1315 (11th Cir. 1999) (futility is another way of saying "inadequacy as a matter of law"). That is, leave to amend will be denied "if a proposed amendment fails to correct the deficiencies in the original complaint or otherwise fails to state a claim." *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1255 (11th Cir. 2008).

Here, the Court finds Plaintiff's Second Amended Complaint to be both frivolous and follows undue delay. Plaintiff has already amended his Complaint once and now seeks to do so again, adding additional federal claims to attempt to avoid dismissal. However, Plaintiff's newly-cited federal statutes do not provide a private cause of action and are plainly frivolous as discussed below. Accordingly, the Court **DENIES** Plaintiff's motion to amend [Doc. 11].

### B. Motion to Dismiss [Doc. 10]

In Defendant's motion to dismiss, she argues that the Court lacks subject-matter jurisdiction because Plaintiff does not state a federal question and his state law claims do not provide the Court with diversity jurisdiction because the amount in controversy does not exceed $75,000.00. [Doc. 10, p. 2]. Plaintiff argues the Court has subject-matter jurisdiction under both federal question and diversity jurisdiction. [Doc. 12, p. 12].

"Subject matter jurisdiction in a federal court may be based upon federal question jurisdiction or diversity jurisdiction." *Walker v. Sun Trust Bank of Thomasville*, 363 F. App'x 11, 15 (11th Cir.2010) (per curiam); *see* 28 U.S.C. § 1331 (federal question

3

jurisdiction); 28 U.S.C. § 1332(a) (diversity jurisdiction for citizens of different states). If a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3); accord *Walker*, 363 F. App'x at 16–17 (affirming sua sponte dismissal of case on the ground that the court lacked subject matter jurisdiction because the pro se plaintiff failed to allege an essential element of his federal claim); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well-settled that a federal court is obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking.") (citations omitted).

### 1. Federal Question Jurisdiction

A federal question exists if a civil action arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. "A case 'aris[es] under' federal law within the meaning of § 1331 . . . if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.' " *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006) (*quoting Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983)).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when

a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Plaintiff listed numerous state and federal statutes he wishes to file suit under in his initial Complaint, Amended Complaint, Second Amended Complaint, and Response to Defendant's Motion to Dismiss. In his Amended Complaint, Plaintiff stated he seeks damages under 40 C.F.R. § 1068.125, Florida Statute § 934.03, South Carolina Code § 63-3-620. [Doc. 5, pp. 4—5]. In Plaintiff's Civil Cover Sheet, Plaintiff also alleged violations of O.C.G.A §§ 16-11-62, 16-11-64, 16-11-66. [Doc. 1-1, p. 1]. Plaintiff further alleged violations of his civil rights—and specifically his right to privacy—which the Court liberally construes as a Section 1983 claim. [*Id.*]; [Doc. 1, p. 1]. Now, in his Response and Second Amended Complaint, Plaintiff asserts additional claims for 18 U.S.C. § 1001, the Georgia False Medicaid Claims Act, 38 C.F.R. § 3.901 and "other related federal, state, and local" laws. [Doc. 12, pp. 1, 10—11]; *see* [Doc. 11].

However, the federal statutes Plaintiff cites to do not provide a private cause of action. 18 U.S.C. § 1001, a statute criminalizing false statements to the government, does not create a private cause of action. *Lee v. U.S. Agency for Int'l Dev.*, 859 F.3d 74, 77—78 (D.C. Cir. 2017) (Finding § 1001 does not provide a private cause of action and stating "[t]he Supreme Court has 'rarely implied a private right of action under a criminal

5

statute[.]' "). Further, 40 C.F.R. § 1068.125 concerns violations of environmental regulations—which appears irrelevant for Plaintiff's claims for wiretapping, violations of civil rights, and fraud—and does not provide an independent private cause of action. *See* 40 C.F.R. § 1068.125(a) ("Actions to assess civil penalties or restrain violations of § 1068.101 must be brought by and in the name of the United States."). Moreover, 38 C.F.R. § 3.901 does not provide a private cause of action and is the U.S. Department of Veteran Affairs ("VA") regulation that defines fraud and explains how committing fraud impacts a VA benefits.

Further, Plaintiff's right-to-privacy claim appears to stem from Defendant recording Plaintiff's conversations with their daughter. [Doc. 1, pp. 1—2]. While Defendant was enlisted in the U.S. Army, Plaintiff has not alleged Defendant was acting on behalf of the government when she recorded his phone calls. It is axiomatic that "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. v. Sullivan*, 526 U.S. 40, 49–50 (1999). A private individual may be liable as a "state actor" for a constitutional violation only in the following circumstances: (1) "the State has coerced or at least significantly encouraged the action alleged to violate the Constitution"; (2) "the private parties performed a public function that was traditionally the exclusive prerogative of the State"; or (3) "the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the

enterprise[ ]." *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir.2001) (alterations in original) (quoting *NBC, Inc. v. Comm'ns Workers of Am.*, 860 F.2d 1022, 1026–27 (11th Cir. 1988)). Plaintiff's Response, Second Amended Complaint, Amended Complaint, and Complaint do not allege facts supporting any of these circumstances. Thus, to the extent Plaintiff attempted to plead a Section 1983 claim, such a claim is patently frivolous.

Accordingly, the Court finds that Plaintiff does not present a federal question that supports federal jurisdiction over this action.

### 2.     Diversity Jurisdiction

Federal courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332. Here, Plaintiff has alleged that he is a resident of Broward County, Florida and Defendant is a resident of Hancock County, Georgia. [Doc. 5, p. 2]. Defendant does not dispute this. *See* [Doc. 10]. But from Plaintiff's pleadings, the amount in controversy does not exceed $75,000.00. In his Amended Complaint, Plaintiff estimated the "total damages" owed to him and other parties to be $25,000.00, in addition to "restitution for being illegally and fraudulently in receipt of government funds." [Doc. 5, p. 5]. In Plaintiff's Response and Second Amended Complaint, Plaintiff now argues the damages exceed the $75,000.00 threshold when accounting for damages owed to "Plaintiff and associated parties, forfeiture, and restitution to the government." [Doc.


12, p. 11]. Plaintiff appears to have changed his original damage estimate, now stating the "[e]stimated total damages illegally brought forth against Plaintiff (for Plaintiff only)" amount to approximately $25,000.00. [*Id.*]. Plaintiff now claims he does not know the damages owed to the associated parties and the various federal and state agencies. [*Id.*]. But Plaintiff (who is proceeding pro se and is not a lawyer able to represent other individuals) has not provided a basis that allows him to bring suit on behalf of the government or another party. Accordingly, relying on Plaintiff's own damage estimate, the Court finds Plaintiff's state-law claims do not exceed $75,000.00. *Federated Mut. Ins. Co. v. McKinnon Motors*, *LLC*, 329 F.3d 805, 807 (11th Cir. 2003).

Thus, the Court lacks subject matter jurisdiction over Plaintiff's suit.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion to Dismiss [Doc. 10]. Accordingly, the Court **DISMISSES** Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure Rule 12(h)(3). Further, the Court **DENIES** Plaintiff's Motion to Amend [Doc. 11].

**SO ORDERED**, this 27th day of August, 2020.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**